**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**FOURSTAR GROUP INC.,**

**Plaintiff,** **Case No.**

**v.**

**QUEST USA, CORP., and**
**QUEST BASICS LLC**

**Defendants.**
___________________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**(Injunctive Relief Sought)**

Plaintiff, Fourstar Group Inc. ("Fourstar"), sues Defendants, Quest USA, Corp. ("Quest USA") and Quest Basics LLC ("Quest Basics" and, collectively with Quest USA, "Quest"), and alleges the following:

## NATURE OF THE ACTION

1. Fourstar brings this action against Quest based on Quest's willful infringement of Fourstar's federally registered **b.pure®** trademark and federal unfair competition, each in violation of the Lanham Trademark Act (the "Lanham Act").

2. Since Fourstar originated the brand in 2018, literally hundreds of millions of units of personal care products marked with Fourstar's **b.pure®** have been sold within the United States.

3. Quest marked and promoted and continues to mark and promote personal care products with the confusingly similar mark "biopure." to infringe on and trade off the goodwill associated with Fourstar's **b.pure®** trademark.

## THE PARTIES

4. Plaintiff, Fourstar, is a Taiwan corporation with a major office located in Clearwater, Pinellas County, Florida.

5. Defendant, Quest USA, is a New York corporation with its principal place of business in Brooklyn, New York.

6. Defendant, Quest Basics, is a New York corporation with its principal place of business in Brooklyn, New York. Quest Basics' website (https://questbasics.com/pages/about-us, the "Quest Basics Website") states that Quest Basics is a subsidiary of Quest USA.

## JURISDICTION AND VENUE

7. This is an action under the Lanham Act seeking: (a) preliminary and permanent injunctive relief; (b) other equitable relief; (c) recovery of Fourstar's actual damages and an award of the profits realized by Quest from its use of the infringing "biopure." trademark and unfair competition against Fourstar; and (d) recovery of Fourstar's costs, expert fees, and reasonable attorneys' fees incurred as a result of Quest's willful infringement of Fourstar's rights under the Lanham Act and Quest's continuing acts of unfair competition.

8. This Court possesses subject matter jurisdiction over this case under 28 U.S.C. §§1331 and 1338 because Fourstar is suing Quest under the Lanham Act for trademark infringement and unfair competition.

9. This Court possesses personal jurisdiction over Quest because Quest is infringing Fourstar's federally rights protected under the Lanham Act by its advertisement, distribution and marketing of products bearing the infringing "biopure." trademark within this judicial district.

10. Venue properly lies in this judicial district under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to the claims in this case occurred in this judicial district, including, but not limited to, the advertising, marketing, and offering for sale of Quest's infringing goods throughout this judicial district and harm to Fourstar within this judicial district.

## FACTS

11. Fourstar specializes in the creation, development, and sourcing of products, including personal care products, for sale in retail mass merchandisers, including Dollar Tree.

**Fourstar's b.pure trademark and Quest's infringing use of "biopure."**

12. In connection with developing new product lines, Fourstar designed and in 2018 began using its **b.pure** trademark in interstate commerce in connection with its personal care products.

13. Fourstar applied for and has been granted the following five (5) federal trademark registrations by the Unites States Patent and Trademark Office (the "USPTO") for Fourstar's **b.pure** trademark:

a. U.S. Reg. No. 5,783,780 – for International Class 5: Hand-sanitizing preparations (the "Fourstar '780 Registration");

b. U.S. Reg. No. 5,915,251 — for International Classe 3: Bath beads; Bath crystals; Bath fizzies; Bath gels; Body wash; Face and body beauty creams; Facial beauty masks in the nature of gel eye masks; Facial beauty masks; Cosmetic bath salts; Cosmetic body scrubs for the body, hands, feet; Non-medicated bath soap; Non-medicated body soaks; Non-medicated foot cream; Pre-moistened cosmetic wipes; Skin and body topical lotions, creams and oils for cosmetic use; and International Class 21: Bath sponges; Bath products, namely, loofah sponges (the "Fourstar '251 Registration");

c. U.S. Reg. No. 6,727,031 – for International Class 5: Antibacterial wipes; Sanitizing wipes (the "Fourstar '031 Registration");

d. U.S. Reg. No. 6,750,360 -- for International Class 3: covering a wide range of products including personal care products such as soap, shampoo and conditioner; make-up and make-up remover; hair spray; lip balm, gloss and liner; and non-medicated preparations all for the care of skin, hair and scalp (the "Fourstar '360 Registration"); and

e. U.S. Reg. No. 7,875,504 – for International Classes: 3, 5, 8, 10, 18, 20, 21, 24, 25, 26 covering a wide range of products including personal care products such as acne treatments, wipes, cosmetics, cosmetic bags, brushes, curlers, tweezers, and many others (the "Fourstar '504 Registration").

14. Fourstar's '780 Registration and Fourstar's '251 Registration covering its **b.pure®** trademark have achieved incontestable status.

15. Fourstar presents and uses its **b.pure** trademark in all lower-case letters with a period (.) between the "b" and "p" as shown below:

16. Quest USA has distributed and continues to distribute, and Quest Basics advertises and markets numerous personal care products marked with the "biopure." trademark, which Quest presents in all lower-case letters in nearly identical font as Fourstar uses for its **b.pure** trademark, and which has a period (".") following the "e" in "pure" as shown below:

**<u>Fourstar's use of its b.pure trademark</u>**

17. Examples of Fourstar's personal care products marked with its

**b.pure®** trademark and which are sold in Dollar Tree stores are shown below:



**<u>Quest's infringing conduct and unfair competition</u>**

18. Upon information and belief, Quest developed its "biopure." line of personal care products to create confusion with and trade off the goodwill of Fourstar's **b.pure®** personal care products.

19. Quest first used the "BioPure" mark in the manner shown below:

BioPure

20. Quest then changed its use of the "BioPure" mark with capital letters "B" and "P" and a leaf logo to "biopure.", which mark more closely resembles Fourstar's use of its **b.pure®** trademark on personal care products.

21. Quest's use of the "biopure." trademark is both visually and aurally confusingly similar to Fourstar's **b.pure** trademark.

22. Upon information and belief, Quest chose the trademark "biopure.", the lower case font in which it presents that name to the public, and the use of a "stray" period (.) in that mark in an effort to mimic Fourstar's use of its **b.pure®** trademark on Fourstar's personal care product line.

23. Quest USA uses interstate commerce to distribute its "biopure." personal care products for sale in retail stores including Dollar Tree and Target.

24. Personal care products distributed by Quest USA and marked with the "biopure." trademark are displayed in Dollar Tree stores in close proximity to Fourstar's personal care products marked with its **b.pure®** trademark.

25. Products distributed by Quest USA and marked with "biopure." trademark that are sold in Dollar Tree stores include the products shown in the screen shots below taken from Dollar Tree's website (https://dollartree.com/searchresults?Ntt=biopure):







26. Quest USA also distributed the personal care products shown

below bearing the "biopure." trademark, which products were purchased from the Dollar Tree store located in Pinellas Park, Florida, on August 12, 2026:







27. Personal care products distributed by Quest USA and marked with the "biopure." trademark that are sold in Target stores include the products shown in the screen shot below taken from Target's website (https://www.target.com/s?searchTerm=biopure):




28. In addition to the products depicted in the screenshots above, Quest USA also distributed the personal care product shown below, bearing the "biopure." trademark, which product was purchased from the Target store located in Trinity, Florida on August 13, 2026:




29. Quest Basics uses interstate commerce to advertise and market, at least on the Quest Basics Website, personal care products marked with the "biopure." trademark, including anti-bacterial handwipes, nail polish remover

pads, disposable pillowcases, feminine wipes, saline nose wipes, toilet seat covers, witch hazel wipes, acne patches, wart remover, and hang-over recovery patches, as shown in the images below captured from the Quest Basic's Website:







Nail Polish Remover




Disposable Pillow Cases




Feminine Wipes




Witch Hazel Wipes



Acne Patches



Toilet Seat Covers



Saline Nose Wipes



Wart Remover



Anti-Hangover Patches

30. Quest has also intentionally traded off of the name recognition and goodwill of Fourstar's **b.pure** trademark by arranging for its "biopure." personal care products appear as "sponsored" products on the Amazon.com website when a consumer searches for "b.pure", as shown in the screenshot below:




31. Quest's use of a "sponsored" listing on Amazon for its product marked with the "biopure." in response to searches of Fourstar's "b.pure"

trademark demonstrates Quest's actual knowledge of, and Quest's intent to trade off of the good will associated with, Fourstar's "b.pure" trademark.

32. Fourstar has not authorized, licensed, or otherwise consented to Quest's use of the "biopure." trademark.

33. Based on the information on the USPTO website, Quest does not possess any federal trademark registrations for its use of the "biopure." trademark and has no pending applications for such registration.

34. Despite its lack of a federal trademark registration for its use of the "biopure." trademark, Quest's personal care products marked with the "biopure." trademark falsely state: "©BIOPURE IS A REGISTERED TRADEMARK OF QUEST USA CORP."

**Harm Caused by Quest's Trademark Infringement and Unfair Competition**

35. Quest's use of the "biopure." trademark on the personal care products distributed by Quest USA and advertised and marketed by Quest Basics is likely to cause, and has actually caused, confusion among the purchasing public between such products and the Fourstar's personal care products marked with Fourstar's **b.pure** trademark.

36. Quest's use of the "biopure." trademark on the products distributed by Quest USA and advertised and marketed by Quest Basics is also likely to cause, and has actually caused, confusion, deception, or mistake

among the purchasing public as to the source, origin, sponsorship, and/or affiliation of its personal care products and Fourstar's personal care products marked with Fourstar's **b.pure** trademark and is likely to influence a consumer's purchasing decision.

37. Fourstar has suffered irreparable injury and has been damaged by Quest's activities described above and will continue to suffer damages and irreparable injury unless such actions by Quest are enjoined by this Court.

38. Fourstar has no adequate remedy at law to prevent the injuries caused by Quest's continuing actions that infringe its **b.pure** trademark and constitute unfair competition.

39. Given the clear and willful infringement and unfair competition by Quest of Fourstar's trademark rights, Fourstar will likely prevail on the merits of this action.

40. The balance of the hardships and public interest require that Quest immediately and permanently cease its activities constituting trademark infringement and unfair competition.

41. Quest's blatant, continuing, and willful trademark infringement and unfair competition makes this case stand out from the others and renders it an exceptional case within the meaning of 15 U.S.C. §1117(a).

42. Fourstar has retained the law firm of Fee & Jeffries, P.A. to vindicate its rights against Quest and is obligated to pay its attorneys a reasonable fee for their services.

43. All conditions precedent to the maintenance of this action have occurred, been performed, or have been excused or waived.

**COUNT I – FEDERAL TRADEMARK INFRINGEMENT**

44. Fourstar realleges and incorporates by reference the allegations in paragraphs 1 through 43 above.

45. Quest's "biopure." trademark is a colorable imitation of Fourstar's **b.pure®** trademark covered by Fourstar's '780 Registration, '251 Registration, '031 Registration, '360 Registration, and '504 Registration (collectively, "Fourstar's Federal Trademark Registrations"). Copies of the registration certificates for Fourstar's Federal Trademark Registrations are attached to this Complaint as Composite Exhibit A.

46. Quest's acts described above constitute infringement of Fourstar's **b.pure®** trademark covered by Fourstar's Federal Trademark Registrations in violation of 15 U.S.C. §1114.

47. Fourstar has suffered damages as a result of Quests' infringement of Fourstar's **b.pure®** trademark covered by Fourstar's Trademark Registrations.

48. Upon information and belief, Quest's infringement of Fourstar's **b.pure®** trademark covered by Fourstar's Trademark Registrations has been and continues to be willful.

WHEREFORE, Fourstar respectfully requests this Court to:

A. Enter judgment in Fourstar's favor and against Quest USA and Quest Basics;

B. Award to Fourstar and against Quest USA and Quest Basics, jointly and severally:

1) Fourstar's damages,

2) Quest's profits of relating to use of the infringing "biopure." trademark,

3) Three (3) times the amount of Fourstar's actual damages,

4) Fourstar's reasonable attorneys' fees, costs, expert fees, and expenses incurred as a result of Quest's unfair competition;

C. Preliminarily and permanently enjoin Quest from further infringing, or in any way benefiting from its past infringement of, Fourstar's federally registered **b.pure®** trademark;

D. Order the removal from retail sale and destruction of all personal care products bearing Quests' infringing "biopure." Trademark; and

E. Grant Fourstar all additional relief that this Court deems appropriate.

**COUNT II – FEDERAL UNFAIR COMPETITION**

49. Fourstar realleges and incorporates by reference the allegations in paragraphs 1 through 43 above.

50. Fourstar possesses common law trademark rights in the **b.pure** trademark by virtue its use of that mark in interstate commerce in connection with the advertisement, marketing, and sales of its personal care products.

51. Quest's acts described above constitute unfair competition in violation of 15 U.S.C. §1125(a).

52. Fourstar has suffered damages as a result of Quests' unfair competition.

53. Upon information and belief, Quest's unfair competition has been and continues to be willful.

WHEREFORE, Fourstar respectfully requests this Court to:

A. Enter judgment in Fourstar's favor and against Quest USA and Quest Basics;

B. Award to Fourstar and against Quest USA and Quest Basics, jointly and severally:

1) Fourstar's damages,

2) Quest's profits of relating to its unfair competition,

3) Three (3) times the amount of Fourstar's actual damages;

4) Fourstar's reasonable attorneys' fees, costs, expert fees, and expenses incurred as a result of Quest's unfair competition;

C. Preliminarily and permanently enjoin Quest from further infringing, or in any way benefiting from its past infringement of, Fourstar's federally registered **b.pure** trademark;

D. Order the removal from retail sale and destruction of all personal care products bearing Quests' infringing "biopure." trademark; and

E. Grant Fourstar all additional relief that this Court deems appropriate.

**DEMAND FOR JURY TRIAL**

Fourstar hereby demands a trial by jury on all issues so triable.

Dated: October 2, 2026

Respectfully submitted,

s/ *Richard E. Fee*
Richard E. Fee
Florida Bar No. 813680
Kathleen M. Wade
Florida Bar No. 127965
FEE & JEFFRIES, P.A.
1227 N. Franklin Street
Tampa, Florida 33602
(813) 229-8008
(813) 229-0046 (Facsimile)
rfee@feejeffries.com

kwade@feejeffries.com
bszabo@feejeffries.com

*Counsel for Plaintiff,*
*Fourstar Group Inc.*